[Cite as *Current v. Dept. of Rehab. & Corr.*, 2018-Ohio-4147.]

| | |
|---|---|
| TERRY CURRENT | Case No. 2016-00488JD |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} On March 20, 2018, the magistrate issued a decision recommending judgment in favor of defendant. Civ.R. 53(D)(3)(b)(i) states, in part: "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." After receiving two extensions of time, plaintiff timely filed his objections and the trial transcript on May 24, 2018. The court granted defendant, the Ohio Department of Rehabilitation and Correction, leave to file a response to plaintiff's objections, and defendant timely filed its response on June 14, 2018.

{¶2} In this case, plaintiff claims that while he was incarcerated in defendant's custody and control at London Correctional Institution (LCI), another inmate attacked and injured him on March 25, 2011, due to the negligence of defendant.

<u>Objection 1: The Magistrate's finding the record failed to establish, by actual or constructive notice, Plaintiff was in danger of physical attack is erroneous, not supported by the evidence and is contrary to law.</u>

{¶3} Plaintiff argues that the record in this case demonstrates that defendant had actual, as well as constructive, notice that plaintiff was in danger because he was a

known police informant. Defendant argues that plaintiff, nor any of the detectives or investigators he worked with as an informant, told defendant that plaintiff felt threatened or in fear for his safety at LCI.

{¶4} While the court recognizes that plaintiff worked as an informant for law enforcement while incarcerated, and his status as an informant may have placed him in danger, there is no evidence that the attack on March 25, 2011, was related to plaintiff's status as an informant. Further, plaintiff did not identify who attacked him, and the two inmates that he had active separation orders with were not incarcerated at LCI between January 2010, when plaintiff returned to prison, and March 25, 2011, when plaintiff was attacked. There is no evidence in the record that the March 25, 2011 attack on plaintiff was related to plaintiff's work as an informant.

{¶5} Moreover, during plaintiff's time as an informant, he was asked at least four times whether he felt threatened, and each time he declined to ask for protective custody. (Trial Transcript, p. 64, lines 11-22, p. 72, lines 10-15, p. 73, lines 10-17). Defendant was not informed by plaintiff or anyone else that plaintiff was in danger at LCI. Detective Juanita Vetter testified that she worked with plaintiff while he was an informant, and that plaintiff's sister expressed concern for the safety of plaintiff and other relatives within the prison system approximately a dozen times prior to the attack on March 25, 2011. (Transcript, p. 21-22, lines 16-24, 1-24). However, the court agrees with defendant that Detective Vetter did not communicate any concerns plaintiff's sister may have had for plaintiff's safety to LCI employees. *Id.* Detective Vetter informed Matt Crisler, an LCI investigator, that plaintiff was providing information to her, but never informed Mr. Crisler that plaintiff felt threatened or unsafe. As such, plaintiff's first objection is OVERRULED.

Objection 2:  The Magistrate erred in not allowing Detective Vetter to answer an initial question concerning whether knowledge of a prisoner cooperating with law enforcement places the inmate in danger of physical attack in prison.

{¶6} Plaintiff argues that Detective Vetter was not permitted to answer a question on direct examination regarding whether knowledge of a prisoner cooperating with law enforcement places an inmate in danger of physical attack in prison.  Defendant claims that the magistrate overruled a defense objection, and permitted Detective Vetter to respond to the question from plaintiff's counsel.

{¶7} Beginning at page 23 of the trial transcript, plaintiff's counsel asks Detective Vetter the following question: "And you're aware of the fact that if you're known as – in prison parlance as a snitch, that can place you in considerable danger?"  Defense counsel objects, and a discussion of the objection and question to Detective Vetter continues from page 23 through page 31.  At page 31, the magistrate states to plaintiff's counsel that he "can go ahead and solicit this opinion testimony."  (Trial Trans., p. 31, lines 18-19).  Defense counsel makes the same objection to the testimony, and the magistrate allows the witness to respond.

{¶8} Detective Vetter testified that she was "not exactly sure how to answer that question.  I've worked with a number of inmates and some of them are in jeopardy.  They don't care if people know they're informants, other people do.  It's a case-by-case basis.  So you're asking me if just because you're an informant, are you automatically in jeopardy?  I honestly don't have an opinion about that."  The court finds that Detective Vetter was permitted by the magistrate to answer the question, thus there is no error.  As such, plaintiff's second objection is OVERRULED.

<u>Objection 3: The Magistrate erred in finding there was insufficient evidence to establish prisoners at the London Correctional Institution were aware Plaintiff was an informant (a snitch).</u>

{¶9} Plaintiff argues that defendant knew that plaintiff was an informant for both the Geauga and Logan County Sheriffs' Offices because defendant's staff arranged conferences and visits for Sheriffs' Detectives with plaintiff. Further, plaintiff argues that inmates knew of plaintiff's activities as an informant, evidenced by the fact that a City of Urbana police report posted on a bulletin board in the prison library identified Current as an informant. Defendant argues that plaintiff never set forth any evidence that the inmates at LCI knew he was an informant.

{¶10} The court agrees with defendant that there is not sufficient evidence in the record to demonstrate that inmates at LCI knew he was an informant. There was no evidence presented about the City of Urbana police report other than the fact it was posted in the prison library. There is no evidence of how long the report was posted, who posted it, or if other inmates saw the posting. As such, plaintiff's third objection is OVERRULED.

<u>Objection 4: The Magistrate erred in admitting Exhibits 3 and 4 for limited purposes, the document having been properly authenticated as well as containing statements against interest.</u>

{¶11} Plaintiff claims that the magistrate erred when he admitted plaintiff's Exhibits 3 and 4 for limited purposes. Plaintiff argues that these exhibits, letters written by Carl Simmons, were properly authenticated and can be admitted without limitation under Evid.R. 804(B)(3). This rule allows admission of hearsay evidence if it contains statements against interest. However, as defendant argues, Evid.R. 804(B)(3) permits an exception to the hearsay rule only if the declarant is unavailable. In this case, there was no showing made that the declarant, Carl Simmons, was unavailable to testify at trial. As such, plaintiff's fourth objection is OVERRULED.

<u>Objection 5: The Magistrate's erred in excluding Plaintiff's sister's testimony concerning what she told Detective Levan concerning Plaintiff's safety.</u>

{¶12} Plaintiff argues that the magistrate improperly sustained an objection during Alice Hauser's, plaintiff's sister, testimony regarding her concerns about plaintiff's safety at LCI. In proffered testimony, Ms. Hauser testified that she expressed concerns about the safety of plaintiff to Keith Levan and Juanita Vetter. Keith Levan was a detective at the Logan County Sheriff's Office and, as discussed above, Juanita Vetter was a detective at the Geauga County Sheriff's Office.

{¶13} The court agrees with defendant that this evidence was not relevant, as neither of these individuals are employees of defendant. Further, Detective Levan did not testify at trial, and there was no evidence he communicated any of this information to defendant. Plaintiff's fifth objection is OVERRULED.

<u>Objection 6: The Magistrate erred when he excluded testimony regarding information Plaintiff provided Detective Vetter concerning a cellular phone possessed and used by Inmate Rosebrook while in the London Correctional Institution.</u>

{¶14} In his sixth objection, plaintiff argues that the magistrate erred when he sustained objections "to questions concerning Plaintiff providing information to Detective Vetter about an illegal cell phone use by Inmate Rosebrook which was passed on to London by Detective Vetter." (Objections, p. 17). A review of the trial transcript shows that the magistrate sustained objections to this line of questioning on redirect examination because it exceeded the scope of defendant's cross-examination.

{¶15} The court finds that the magistrate did not err in excluding this information. Even if there was an error, the evidence shows that plaintiff was an informant while at LCI, and defendant knew he was an informant. This evidence was established throughout trial, and in its response defendant states "there is no dispute that Current

was an information for law enforcement, and DRC was aware of this." (Response, p. 9). As such, plaintiff's sixth objection is OVERRULED.

Objection 7: The Magistrate's Decision is against the manifest weight of the evidence and is contrary to law.

{¶16} Plaintiff generally argues that the evidence in this case supports only one conclusion; that defendant is liable. The court reviewed the trial exhibits, the magistrate's decision, and the trial transcript excerpts provided by plaintiff, and finds that the magistrate did not err in his decision. As such, plaintiff's seventh objection is OVERRULED.

{¶17} Upon review of the record, the magistrate's decision, and plaintiff's objections, the court finds that the magistrate properly determined the factual issues and appropriately applied the law. Therefore, plaintiff's objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed September 12, 2018
Sent to S.C. Reporter 10/12/18